UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

DEVONTE M. WILLIAMS,

        Plaintiff,

      v.                          Case No. 24-cv-1362-bhl

MARCUS KING,

        Defendant.
─────────────────────────────────────────────

## SCREENING ORDER
─────────────────────────────────────────────

Plaintiff Devonte Williams, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 19, 2024, Williams paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Williams, on February 13, 2024, following a visit with his attorney, Williams was instructed to remain in the visitation booth because a lieutenant wanted to speak with him. Shortly thereafter, Defendant Lt. Marcus King allegedly informed Williams that he was being placed in temporary lockup status. Williams asked if he could explain what had happened, and King allegedly agreed. According to Williams, he stood up from the chair he was sitting in and took a couple of steps toward King to point to the area behind King where the incident at issue had occurred. Williams asserts that he did not threaten anyone and was not aggressive toward anyone. He explains that King looked surprised, immediately pulled his taser, and began yelling at King to

2

face the back wall and put his hands behind his back. Williams asserts that he initially asked why King was responding so forcefully but eventually complied after he noticed that a second taser was pointed at him. Dkt. No. 1.

Williams asserts that he said something along the lines of "if you shoot me with the taser I am going to sue you" because he wanted to stop them from tasing him. He further asserts that while he faced the back wall, he looked over his shoulder as he talked and kept both hands behind his back as ordered. Williams explains that King then discharged the taser with the prongs striking him in his lower back and inner forearm. Williams states that he lost consciousness and regained consciousness as multiple staff members tried to restrain him with handcuffs and shackles. He states that he had a burning sensation in his neck and upper left shoulder, that his body was numb, and that he had difficulty walking. Staff pulled the taser prongs from his back after escorting him to the restricted housing unit. Dkt. No. 1.

### THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (*quoting Hudson*, 503 U.S. at 6). With the foregoing standard in mind, Williams may proceed on an excessive force claim under the Eighth Amendment based on allegations that King tased him even though Williams was complying with orders and posed no danger to himself or others.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Williams' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Marcus King.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Marcus King shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Williams may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
